In the Matter of ARCHIE SCHWARTZ COMPANY et al., Petitioners, *v.* JOHN P. LOMENZO, as Secretary of State of the State of New York, Respondent.

First Department, May 31, 1973.

24

*Arthur Brooks* of counsel (*Kostelanetz & Ritholz,* attorneys), for petitioners.

*Harvey Soicher* of counsel (*Samuel A. Hirshowitz* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for respondent.

STEVENS, P. J.   Petitioner Archie Schwartz Company is a New Jersey licensed real estate brokerage concern, licensed also to do business in New York.   Elmer Schwartz, its president, also holds a nonresident real estate brokerage license as its representative, which license was issued by the New York Department of State pursuant to section 442-g of the Real Property Law.

Andover Realty Inc. (Andover), a licensed New York real estate brokerage concern, filed a complaint with the respondent against the Schwartz Company and Elmer Schwartz.   The charge of a violation of article 12-A of the Real Property Law was based upon an affidavit of Leonard Gero, a real estate broker and representative of Andover.   In brief, it was charged that the Schwartz Company breached a written agreement to pay Andover a share of certain commissions earned.

Following a hearing, the determination was that the license of Elmer Schwartz, doing business as Archie Schwartz Company, be revoked unless he paid the share of commissions to Andover, as agreed, on or prior to October 1, 1971.

In 1966 petitioners and Andover agreed orally, and later in writing, to split commissions on any leads furnished by Andover to petitioners concerning New Jersey property.   It is not disputed that Andover furnished at least three such leads which resulted in commissions to petitioners, and that Andover engaged in certain activity in New Jersey with respect to two of these leads.

In late 1967 petitioners allegedly learned that Andover was not licensed in New Jersey and, upon advice of counsel, refused to pay Andover the commissions. The refusal apparently was not because of a desire to avoid the obligation, but because of certain statutory provisions. Andover commenced actions in the New Jersey courts to recover the amounts due. After joinder of issue, both parties moved for summary judgment. In granting petitioners' motion as to the two cases in which Andover engaged in activities in New Jersey, the court held that New Jersey's strong public policy, as evidenced by its licensing statutes, precluded payment to Andover because at the time of the transactions Andover was not licensed in New Jersey.

The complaint before respondent is practically identical with the complaints in the court actions save for the relief sought. As noted, in this proceeding, Andover requested action against petitioners for allegedly untrustworthy actions in violation of the provisions of section 441-c of the Real Property Law.

On this record we find no substantial evidence to support the determination. Petitioners' refusal to pay was based upon advice of counsel which, in light of the later judicial decision, was sound. (Cf. *Matter of Kreitsek* v. *Department of State of State of N. Y.,* 28 A D 2d 721.) Petitioner was not required to submit itself to loss of its New Jersey license by a violation of New Jersey laws. Nor does the record establish that petitioner acted in bad faith.

Andover could have complained initially to respondent. Instead, it elected to pursue its remedy in the New Jersey courts. The matter having been decided there, Andover should not now be allowed on the same facts to obtain what, in essence, is a contrary disposition. It would seem that full faith and credit should be accorded the findings of the New Jersey court. Moreover, what is involved here is a contract and a claimed breach of the same. That fact alone does not demonstrate untrustworthiness. Nor does dissatisfaction with the New Jersey statute warrant a determination of untrustworthiness.

The determination of respondent dated August 27, 1971 revoking the reciprocal license of petitioner Archie Schwartz Company to do business in the State of New York, unless, by October 1, 1971, petitioner Elmer Schwartz makes payment to complainant, Andover Realty Inc., of a share of a broker's commission under a split commission agreement, should be annulled on the law and the charges dismissed, without costs to either party.

Nunez, Kupferman, Murphy and Lane, JJ., concur.

Determination of the respondent, dated August 27, 1971, unanimously annulled, on the law, and the charges dismissed, without costs and without disbursements.